UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING, | No. 2:18-cv-1085 KJN P |
| Plaintiff, | |
| v. | ORDER |
| M. UDDIN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's Allegations

In his amended complaint, plaintiff repeats, verbatim, his allegations concerning his bite on his left eyelid suffered on April 1, 2018. (Compare ECF No. 1 at 5 with ECF No. 10 at 5.) He again names Dr. M. Uddin and Health Care Grievance Coordinator J. Kelley as defendants, and alleges the following. On April 1, 2018, plaintiff was bitten near the eye, and his face swelled up. Defendant Dr. Uddin was contacted by phone, and rather than rushing plaintiff to the hospital where tests could be performed to determine what bit him and how to properly treat it, Dr. Uddin told the nurse to keep plaintiff in his cell. The next morning, the nurse observed plaintiff's face and saw to it that plaintiff was seen by the doctor, who still didn't "have [plaintiff] screened or tested." (ECF No. 1 at 5.) Plaintiff's face was still swollen and he was still in pain the following day. Plaintiff put in a health care appeal which he alleges should have been treated as an emergency appeal. Plaintiff complains that his appeal was not properly handled, and he did not receive proper notice. He claims he did not receive medical treatment for two long months. Plaintiff states he suffered pain and suffering from deliberate indifference to his serious medical needs.

As his amendment, plaintiff adds a second page in which he alleges he was provided five days of Tylenol 3's, Ibuprofen, and antibiotics Dr. Uddin prescribed three days after the incident,

but no tests were run to determine plaintiff's medical condition. Plaintiff claims the treatment did not work, yet Dr. Uddin refused to take a more aggressive approach, subjecting plaintiff to a possible terminal medical condition. Also, plaintiff alleges that defendant Kelly failed to properly handle plaintiff's grievances, subjecting plaintiff to more pain and suffering, and failed to timely respond as required under state law. (ECF No. 10 at 6.)

Further, plaintiff alleges that on May 30, 2018, he saw optometrist Dr. Bishop, who prescribed plaintiff 300 mg of Augmentin, twice daily, for plaintiff's left eye, but that Dr. Uddin would not follow Dr. Bishop's orders, causing plaintiff's condition to worsen and remain in pain.

For relief, plaintiff seeks money damages and injunctive relief in the form of proper medical treatment for his eye. (ECF No. 1 at 18.)

Discussion

First, plaintiff's allegations are again insufficient to demonstrate a viable civil rights action against J. Kelley. The exhibits provided by plaintiff demonstrate that defendant Kelley assigned plaintiff's grievance to the Health Care Grievance Office. (ECF No. 10 at 10.) Plaintiff fails to demonstrate how this constitutes abandonment of his grievance. Plaintiff provides no other facts suggesting defendant Kelley acted with a culpable state of mind. Moreover, as plaintiff was previously informed, the mere mishandling of a grievance does not state a viable due process claim because he has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Alleged violations of prison regulations or state law in connection with the timeliness of such grievances do not state a constitutional violation. Plaintiff's claims against defendant Kelley are dismissed. In an abundance of caution, plaintiff is granted one final opportunity to amend if he can allege facts demonstrating a cognizable constitutional violation.

Second, plaintiff's allegations surrounding the bite and Dr. Uddin's initial treatment fail to rise to the level of deliberate indifference. Plaintiff confirms that Dr. Uddin prescribed plaintiff multiple medications to treat the bite. Plaintiff's difference of opinion as to how the doctor chose to initially treat plaintiff does not demonstrate deliberate indifference. A "difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what

medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Here, plaintiff's pleading makes clear that Dr. Uddin treated plaintiff with pain relievers and antibiotics and therefore was not deliberately indifferent to plaintiff's medical needs following the bite. Plaintiff should not renew these claims in any amended pleading.

Third, it is unclear whether plaintiff may be able to state a cognizable Eighth Amendment claim based on a delay in treatment or Dr. Uddin's alleged interference with Dr. Bishop's order. Plaintiff fails to provide sufficient facts as to what steps Dr. Uddin took, if any, once it became clear, if it did, that the initial treatment prescribed by Dr. Uddin was not working. Plaintiff initially wrote two health care request forms stating his face was still swollen and hurt, and on April 7, 2018, he asked for a refill of a higher dose of the medication. But plaintiff fails to set forth who responded to the requests, if anyone did, or what took place between the completion of his antibiotics and June 2, 2018, when he wrote his next health care appeal about Dr. Bishop's order. Plaintiff also fails to demonstrate that Dr. Uddin was even aware of Dr. Bishop's order.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). As plaintiff was previously informed, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk,
////

4

but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quotation omitted).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). But in order to state a cognizable claim, plaintiff must allege that the defendant purposely ignored or failed to respond to his pain or medical need. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*). The Supreme Court has noted that the delay must be intentional in order to rise to the level of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Rosado v. Alameida, 497 F.Supp. 2d 1179, 1194 (S.D. Cal. 2007). Mere delay, without deliberate motivation, does not constitute cruel and unusual punishment. Di Carlo v. Schultz, 2007 WL 1241838, *2 (E.D. Cal. Apr. 24, 2007). Moreover, where the claim is based upon delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful. Id. "If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted).

Finally, in applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

////

Therefore, plaintiff's claims against Dr. Uddin must again be dismissed. Plaintiff will be granted one final opportunity to file an amended pleading that sets forth sufficient factual allegations to demonstrate a violation of plaintiff's constitutional rights.

Leave to Amend

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with this court's orders, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; and plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 14, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stri1085.14amd