UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING, | No. 2:18-cv-01085-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| M. UDDIN, et al., | |
| Defendants. | |

On March 5, 2019, the magistrate judge filed findings and recommendations, which were served on the parties and contained notice that any objections to findings and recommendations were to be filed within fourteen days. (ECF No. 14.) Plaintiff did not file any objections to the findings and recommendations. On May 16, 2019, this Court adopted the findings and recommendations and dismissed Plaintiff's action without prejudice. Shortly after, Plaintiff filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure Rule 60(b) (ECF No. 17), which the magistrate judge denied on June 14, 2019 (ECF No. 18). Accordingly, this case was closed.

On June 27, 2019, Plaintiff filed the present motion titled "Motion for Reconsideration" and "Motion for Disqualification of Judge(s)." (ECF No. 19.) Rule 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff filed this motion within 28 days of the magistrate judge's order.

1

Therefore, Plaintiff's motion is timely. However, "[u]nder Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The Court has carefully reviewed the entire file, including Plaintiff's request. (ECF No. 19.) Plaintiff provides no substantive grounds for the Court to reconsider its judgment. Thus, the legal standard for Rule 59(e) is simply not met.

Moreover, Plaintiff's apparent request that the Court disqualify the judges assigned to this case from the proceedings is baseless. Plaintiff does not provide any evidence other than unsupported allegations that the judges were "doing some illegal stuff" and the magistrate judge's adverse rulings, which "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

For the foregoing reasons, Plaintiff's motion for reconsideration and motion for disqualification of judges (ECF No. 19.) is hereby DENIED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Date: August 26, 2019

_____
Troy L. Nunley
United States District Judge